UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BELCHER, L.L.C.

VERSUS                                                                        CIVIL ACTION

ZURICH NORTH AMERICA                                      NO. 08-04-JVP-DLD

## ORDER OF REMAND

This matter is before the court on an unopposed motion by the named defendant, Zurich North America, to dismiss for failure to state a claim or, in the alternative, for a more definite statement (doc. 3). Before the court can reach the merits of the motion, it must consider its jurisdiction *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93, 118 S.Ct. 1003, 1011, 140 L.Ed.2d 210 (1998); *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496, n. 1 (5th Cir. 2007).

On January 2, 2008, Zurich North America removed the case on the basis of diversity jurisdiction. The Notice of Removal alleges that plaintiff, Belcher, L.L.C., although presumably a limited liability company, is a "Louisiana corporation" doing business in Louisiana and that defendant, Zurich North America, is a "corporation licensed to do and/or doing business in the State of Louisiana, with its principal place of business located in Schaumburg, Illinois" (doc. 1, ¶ 5). Both allegations of citizenship are deficient.

Certified Copy to the 19th

It is well established that for purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members, *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990), and a corporation is deemed to be a dual citizen of both its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Because the Notice is silent as to the citizenship of Belcher, L.L.C.'s members *and* Zurich North America's state of incorporation, there is no complete diversity on the face of the Notice. This would be sufficient grounds to remand the case.

However, in the motion currently before the court, Zurich North America *now* claims that "it is a non-entity, trade name of various Zurich insurance entities; [and] thus, may not be sued" (doc. 3, p. 1). If Zurich North America is a "non-entity," then it has no legal status and was incapable of effectuating a legitimate removal to this court in the first place.

Accordingly, for the foregoing reasons, this is hereby **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, March 28, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA